**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ Southern District of Texas _____
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Ultra Petroleum Corp.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **98-0483838** |

4. **Debtor's address**

**Principal place of business**

**116 Inverness Drive East**
Number       Street

**Suite 400**

**Englewood,          Colorado 80112**
City                          State       Zip Code

**Arapahoe County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                          State       Zip Code

**Location of principal assets, if different from principal place of business**

**8727 W. Sam Houston Parkway N**
Number          Street

**Houston,                Texas        77040**
City                          State       Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **http://www.ultrapetroleum.com/** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Ultra Petroleum Corp.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 Oil and Gas Extraction**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☒ Yes.   District **Southern District of Texas**   When **04/29/2016** MM/DD/YYYY   Case number **16-32202**

District _____   When _____ MM/DD/YYYY   Case number _____

Debtor      **Ultra Petroleum Corp.**                                    Case number *(if known)* _____
                Name

| | | | | | |
|---|---|---|---|---|---|

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list.

Debtor     **See Rider 1** _____

District   **Southern District of Texas** _____

Case number, if known   _____

Relationship   **Affiliate** _____

When

**05/14/2020** _____
MM / DD / YYYY

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                                    State      Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency  _____

Contact name  _____

Phone  _____

---

[1] The debtors, Ultra Petroleum Corp., Keystone Gas Gathering, LLC, Ultra Resources, Inc., Ultra Wyoming, LLC, Ultra Wyoming LGS, LLC, UP Energy Corporation, UPL Pinedale, LLC, and UPL Three Rivers Holdings, LLC (collectively, the "Debtors"), engage in the exploration, development, and production of oil and natural gas. Certain debtors (Ultra Wyoming, LLC, UPL Pinedale, LLC and Ultra Resources, Inc.) possess or operate certain real property with existing contamination where remediation efforts are presently underway. Although the Debtors are not aware of any definition of "imminent or identifiable hazard" as used in this form, the Debtors do not believe they own or possess any real or personal property (including the aforementioned property) that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

| Debtor | **Ultra Petroleum Corp.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**Statistical and administrative information**

| | | | |
|---|---|---|---|
| **13. Debtor's estimation of available funds (on a consolidated basis)** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |

| | | | | |
|---|---|---|---|---|
| **14. Estimated number of creditors (on a consolidated basis)** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☒ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 | |

| | | | |
|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| | | | |
|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

Debtor    **Ultra Petroleum Corp.**      Case number *(if known)* _____
     Name

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/14/2020**
           MM/ DD / YYYY

✗   */s/ David W. Honeyfield*          David W. Honeyfield
    Signature of authorized representative of debtor        Printed name

Title   **Senior Vice President and Chief Financial Officer**

**18. Signature of attorney**

✗   */s/ Matthew D. Cavenaugh*      Date   **05/14/2020**
    Signature of attorney for debtor                MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney St., Suite 1900**
Number            Street

**Houston**                      **Texas**    **77010**
City                           State       ZIP Code

**(713) 752-4200**              **mcavenaugh@jw.com**
Contact phone                   Email address

**24062656**                 **Texas**
Bar number                State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____

Southern District of  Texas
(State)

Case number *(if known):*  _____   Chapter ___11___

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On April 29, 2016, each of the entities listed below (collectively, the "2016 Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Initial Debtors were jointly administered under case number 16-32202 (MI), and certain chapter 11 cases are now closed, with the exception of the main case number 16-32202 (MI), which is assigned to the chapter 11 case of Initial Debtor Ultra Petroleum Corp.

| |
|---|
| Ultra Petroleum Corp. |
| Keystone Gas Gathering, LLC |
| Ultra Resources, Inc. |
| Ultra Wyoming, Inc. |
| Ultra Wyoming LGS, LLC |
| UP Energy Corporation |
| UPL Pinedale, LLC |
| UPL Three Rivers Holdings, LLC |

On the date hereof, each of the entities listed below (collectively, the "2020 Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The 2020 Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Ultra Petroleum Corp.

| |
|---|
| Ultra Petroleum Corp. |
| Keystone Gas Gathering, LLC |
| Ultra Resources, Inc. |
| Ultra Wyoming, LLC |
| Ultra Wyoming LGS, LLC |
| UP Energy Corporation |
| UPL Pinedale, LLC |
| UPL Three Rivers Holdings, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ULTRA PETROLEUM CORP., | ) | Case No. 20-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is _**001-33614**_

The following financial data is the latest available information and refers to the debtor's condition on **March 31, 2020**

| | | |
|---|---|---|
| Total assets | $ | **1,450,000,000**[2] |
| Total debts (including debts listed in 2.c., below) | $ | **2,560,000,000**[3] |
| Debt securities held by more than 500 holders | | **N/A** |

| | | | | | | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☒ | $ | | | |
| secured ☐ | unsecured ☒ | subordinated ☐ | $ | | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |

| | |
|---|---|
| Number of shares of preferred stock | **0** |
| Number of shares of common stock | **198,303,021** |

Comments, if any:

Brief description of debtor's business:        **Independent oil and gas company engaged in the development, production, operation, exploration and acquisition of oil and natural gas properties**

List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Fir Tree Capital Management LP; Disciplined Growth Investors, Inc.**

---

[2] Figure denotes book value of Total assets.

[3] Figure denotes book value of Total debts.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ULTRA PETROLEUM CORP., | Case No. 20-[_____]_(___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held[2] |
|---|---|---|---|
| Ultra Petroleum Corp. | Fir Tree Capital Management LP | 55 West 46th Street, 29th Floor, New York, NY 10036 | 13.41% |
| | Disciplined Growth Investors, Inc. | 150 South Fifth Street, Suite 2550, Minneapolis, MN 55402 | 9.24% |

---

[1]   This list reflects holders of five percent or more of Ultra Petroleum Corp.'s common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of the 30 Largest Unsecured Creditors, (II) Waiving the Requirement to File a List of Equity Security Holders, and (III) Authorizing the Debtors to Redact Certain Personal Identification Information* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

[2]   Outstanding warrants are not reflected in ownership.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ULTRA PETROLEUM CORP., | ) | Case No. 20-[_____]_(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Fir Tree Capital Management LP | 13.41% |

**Fill in this information to identify the case:**

Debtor name : **Ultra Petroleum Corp.**

United States Bankruptcy Court for the **Southern District of Texas, Houston Division**

Case number (if known):  [●]

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust as indenture trustee for the 7.125% Senior Notes due 2025 Attn. David M. Smith 7 Times Square New York, NY 10036 | David W. Smith 212-326-0481 dsmith@pryorcashman.com | Notes | | | | $234,307,031 |
| 2 | Wilmington Trust as indenture trustee for the 6.875% Senior Notes due 2022 Attn. David M. Smith 7 Times Square New York, NY 10036 | David W. Smith 212-326-0481 dsmith@pryorcashman.com | Notes | | | | $156,404,501 |
| 3 | Ultra Make-Whole Claimant - Adhoc Committee of Unsecured Creditors Attn. Millbank, Tweed, Hadley, McCloy LLP Dennis F. Dunne 55 Hudson Yards New York, NY 10001  Ultra Make-Whole Claimant - Adhoc Committee of Unsecured Creditors Attn. Norton Rose Fulbright US LLP Barbara Buckley Po Box 844284 | Dennis F. Dunne 212-530-5000 ddunne@milbank.com  Barbara Buckley 713-651-5505 barbara.buckley@nortonrosefulbright.com | Litigation | Contingent, Disputed | | | $1,258,622 |

Debtor Name: Ultra Petroleum Corp.                                     Case number: (*if known*) [●]

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| | Dallas, TX 75284-4284 | | | | | | |
| 4 | Ultra Make-Whole Claimant - OpCo Noteholders Attn. Morgan Lewis & Bockius LLP Peter Sabin Willett 1701 Market Street Philadelphia, PA 19103<br><br>Ultra Make-Whole Claimant - OpCo Noteholders Attn. Akin Gump Strauss Hauer & Feld Billing Supervisor 170 Pacific Avenue, Suite 4100 Dallas, TX 75201 | Peter Sabin Willett 617-951-8775 sabin.willett@morganlewis.com<br><br>Billing Supervisor 212-407-3121 alanderson@akingump.com | Litigation | Contingent, Disputed | | | $464,983 |
| 5 | Superior Roustabout Service Attn. President - AR PO Box 10 Pinedale, WY 82941 | Dena Bulanek, AR 307-749-6690 mneubauer@superiorroustabout.com | Trade | | | | $423,803 |
| 6 | ChampionX U.S. 3 Inc Attn. District O2C Manager 11177 S. Stadium Drive Sugar Land, TX 77478 | Shana Sills 970-309-2554 shana.sills@ecolab.com | Trade | | | | $422,315 |
| 7 | R&R Services, Inc. Attn. COO PO Box 409 Boulder, WY 82923 | Scott Williams 307-749-1201 scottw@r-rserviceinc.com | Trade | | | | $400,428 |
| 8 | Crosby Energy Services, Inc. Attn: Billing Specialists PO Box 1489 Larose, LA 70373 | Jess Kissling 800-250-3873 prousse@crosbyenergyservices.com | Trade | | | | $376,553 |
| 9 | A&T Welding, Inc. Attn. Office Manager PO Box 1601 Pinedale, WY 82941 | Aaron Stevens 307-537-3467 Gwen@atwelding.com | Trade | | | | $365,981 |
| 10 | Infinity Power & Controls, LLC Attn. Bruch Pivic 1701 Decora Drive Rock Springs, WY 82901 | Bruce Pivic 307-362-6661 bpivic@wyoming.com | Trade | | | | $318,842 |

Debtor Name: Ultra Petroleum Corp.                                    Case number: (*if known*) [●]

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | ToolPushers Supply Company Attn. Deb Mulhbeier P.O. Box 1714 Casper, WY 82602 | Deb Mulhbeier 307-266-0324 deb.muhlbeier@truecos.com | Trade | | | | $250,647 |
| 12 | Rocky Mountain Power Attn. Regional Business Manager PO Box 26000 Portland, OR 97256-0001 | Ron Wild 307-352-5236 ron.wild@rockymountainpower.net | Trade | | | | $221,978 |
| 13 | Kauppi Wireline Service 2137 Carson Rock Springs, WY 82902 | Don Kauppi 307-362-2005 don.kauppi11@gmail.com | Trade | | | | $137,110 |
| 14 | Earthworks, Inc. Attn, ACH Contact 1 Hutchinson Road Riverton, WY 82501 | Darlene Hostetter 307.857.4260 dhearthworks@wyoming.com | Trade | | | | $123,476 |
| 15 | H&N Gold Field Services Attn. AR P.O. Box 1086 Rock Springs, WY 82902-1086 | Carol Fawver 307-362-9803 carol@hngoldfield.com | Trade | | | | $116,498 |
| 16 | Rapid Wire LLC Attn. AR Contact 78 Sievers Road Cora, WY 82925 | Tammy Swenson 307-537-3434 rapidwire@hotmail.com | Trade | | | | $82,498 |
| 17 | Automation & Electronics, Inc. Attn, Accounting Manager PO Box 2670 Casper, WY 82602-2670 | Mia Kamboris 307-233-0311 mia_kamboris@autoeelct.com | Trade | | | | $70,660 |
| 18 | Rendezvous Pipeline Company Attn. Credit Representative 19100 Ridgewood Parkway San Antonio, TX 78259 | Beverly Gee 210-626-4063 beverly.a.gee@tsocorp.com | Trade | | | | $55,000 |
| 19 | J&A Service Attn. Accounting Manager 3166 Pipe Court Grand Junction, CO 81504 | Shakima Wiley 970-434-9435 jmontoya@ja-service.com | Trade | | | | $51,423 |

Debtor Name: Ultra Petroleum Corp.                    Case number: (*if known*) [●]

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | Jonah LLC Plaintiffs in Jonah LLC Adversary Proceeding Attn. McDowell Hetherington LLP Jarrod B. Martin 1001 Fannin Street, Suite 2700 Houston, TX 77002 | Jarrod B. Martin 713-337-5580 Jarrod.Martin@mhllp.com | Litigation | | | | $50,000 |
| 21 | DNOW L.P. PO Box 200822 Dallas, TX 75320-0822 | Gina Sabedra 281-823-4700 gina.sabedra@dnow.com | Trade | | | | $46,072 |
| 22 | Eversheds Sutherland LLP Attn. Edward Christian 999 Peach Tree Street, Suite 2300 Atlanta, GA 30309 | Edward Christian 404-853-8000 edwardchristian@eversheds-sutherland.com | Professional Services | | | | $43,605 |
| 23 | Wade Scott Lauchner Attn. Office Manager PO Box 264 Boulder, WY 82923 | Ann Lauchner 307-231-4868 lauchnerscott@yahoo.com | Trade | | | | $43,235 |
| 24 | Trinity Consulting, Inc. Attn. Contracts Administrator 12700 Park Central Drive Dallas, TX 75251 | Erin Andre 972-661-8100 collections@trinityconsultants.com | Trade | | | | $34,003 |
| 25 | Scan Tech, Inc. Attn. Office Manager PO Box 790580 Vernal, UT 84079 | Mark Mobely 435-789-7007 scantech@ubtanet.com | Trade | | | | $32,029 |
| 26 | Power Services, Inc. Attn: AR Clerk PO Box 2870 Casper, WY 82602 | Bill Power 307-472-7722 PSI-Receivables@DNOW.com | Trade | | | | $28,776 |
| 27 | Battery System, Inc. Attn. Branch Manager/Sales 12322 Monarch Street Garden Grove, CA 92841 | Brad Champlin 307-382-7938 bradchamplin@batterysystems.net | Trade | | | | $27,685 |
| 28 | Rocky Mtn. Oilfield Warehouse Attn. Collections Specialists 414 S. Elm Street Casper, WY 82601 | Russ Harbour 307-266-2260 russh@rmow.com | Trade | | | | $17,041 |

Debtor Name: Ultra Petroleum Corp.                                    Case number: (*if known*) [●]

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | Rocky Mountain Industrial Attn. Accountant 1171 English Avenue Casper, WY 82601 | Amber Wise 307-472-5519 awise@rmiwyoming.com | Trade | | | | $17,033 |
| 30 | Wyoming Department of Environmental Quality 200 W 17th Street Cheyenne, WY 82001 | Nancy Vehr 307-777-7501 Wyodeq@wyo.gov | Regulatory | | | | Unknown |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Ultra Petroleum Corp. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____**List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| | ☒ */s/ David W. Honeyfield* |
| **05/14/2020** | Signature of individual signing on behalf of debtor |
| MM/ DD/YYYY | **David W. Honeyfield** |
| | Printed name |
| | **Senior Vice President and Chief Financial Officer** |
| | Position or relationship to debtor |

**Official Form 202**              **Declaration Under Penalty of Perjury for Non-Individual Debtor**

**OMNIBUS RESOLUTIONS OF THE MANAGING MEMBERS AND MEMBERS OF
THE BOARD OF DIRECTORS AS APPLICABLE OF**

**ULTRA WYOMING LGS, LLC
ULTRA WYOMING, LLC
UPL PINEDALE, LLC
UPL THREE RIVERS HOLDINGS, LLC
KEYSTONE GAS GATHERING, LLC
ULTRA RESOURCES, INC.
UP ENERGY CORPORATION
ULTRA PETROLEUM CORP.**

## Dated as of May 13, 2020

The sole members or all of the members of the boards of directors, as applicable (each, an "Authorizing Body"), of the applicable entity set forth on Annex A attached hereto (each, a "Company," and, collectively, the "Companies") hereby take the following actions and adopt the following resolutions pursuant to (as applicable) the articles, bylaws, limited liability company agreement, or similar document (in each case as amended or amended and restated to date) of each Company and the laws of the jurisdiction in which such Company is organized.

WHEREAS, each Authorizing Body has considered presentations by management and the financial and legal advisors of each of the Companies regarding the liabilities and liquidity situation of each of the Companies, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

WHEREAS, each Authorizing Body has considered presentations by management and the financial and legal advisors of the each of the Companies regarding a restructuring support agreement in form and substance substantially as proposed (the "Restructuring Support Agreement");

WHEREAS, the Companies have negotiated the Restructuring Support Agreement in good faith and at arm's-length with the Consenting Creditor Parties (as defined in the Restructuring Support Agreement);

WHEREAS, the Restructuring Support Agreement provides that it can be terminated if continued performance thereunder would be inconsistent with the exercise of each Authorizing Body's fiduciary duties or applicable law;

WHEREAS, each Authorizing Body has reviewed and considered presentations by management and the financial and legal advisors of each of the Companies regarding the advantages and disadvantages of each Company soliciting acceptances of the prepackaged chapter 11 plan of reorganization (as may be amended, modified, or supplemented from time to time, the "Plan") contemplated in the Restructuring Support Agreement and the related disclosures (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement");

WHEREAS, each Authorizing Body discussed the foregoing with management and the financial and legal advisors of each of the Companies and each Authorizing Body has fully considered each of the strategic alternatives available to it and has determined, in the judgment of each Authorizing Body, that the following resolutions are in the best interests of each Company and their respective stakeholders; and

WHEREAS, each Authorizing Body has had the opportunity to consult with the financial and legal advisors of the Companies and assess the considerations related to the commencement of chapter 11 cases under title 11 of the United States Code (the "Bankruptcy Code") and recognition under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), including materials provided by the financial and legal advisors, and each Authorizing Body recommends the adoption of these resolutions.

Now, THEREFORE, BE IT:

## Chapter 11 and Recognition Filings

RESOLVED, that, in the judgment of each Authorizing Body, it is desirable and in the best interests of the Companies, their creditors, and other stakeholders, that each of the Companies shall be, and hereby are, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States or Canada.

RESOLVED, that the Chief Executive Officer, the Chief Financial Officer, the General Counsel, and any Senior Vice President, and any other representatives of the Companies (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' business.

## Retention of Professionals

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel, Jackson Walker LLP ("Jackson Walker") as local bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code and applicable law in the United States, and Tucker Carruthers and Bennett Jones LLP ("Bennett Jones") as Canadian counsel, and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as special counsel, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an

2

appropriate application for authority to retain the services of Kirkland, Jackson Walker, Tucker Carruthers, Bennett Jones, and Quinn Emanuel.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Centerview Partners LLC ("Centerview"), as investment banker to, among other things, assist the Companies in evaluating their businesses and prospects, developing a long-term business plan, developing financial data for evaluation by the Members, Boards of Directors, creditors, or other third parties, as requested by the Companies, evaluating each of the Companies' capital structure, responding to issues related to each of the Companies' financial liquidity, and in any sale, reorganization, business combination, or similar disposition of each of the Companies, assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Centerview.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm FTI Consulting, Inc. ("FTI") as financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FTI.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds

that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each of the Companies' Chapter 11 Case and CCAA proceedings, with a view to the successful prosecution of such cases.

**Cash Collateral, Debtor in Possession Financing, and Adequate Protection**

RESOLVED, that each Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to (i) that certain Credit Agreement, dated as of April 12, 2017, as amended, reinstated, modified, or supplemented from time to time, by and between Ultra Resources, Inc., as borrower, Bank of Montreal, as administrative agent, and the other parties thereto, (ii) that certain Term Loan Agreement, dated as of April 12, 2017, as amended, reinstated, modified, or supplemented from time to time, by and between Ultra Resources, Inc., as borrower, Wilmington Trust, National Association, as administrative agent, and the other parties thereto, and (iii) that certain Second Lien Notes Indenture, dated as of December 21, 2018, as amended, reinstated, modified, or supplemented from time to time, by and between Ultra Resources, Inc., as issuer, U.S. Bank National Association, as trustee and collateral agent, and other parties thereto, and (b) the incurrence of debtor-in-possession financing obligations (the "DIP Financing").

RESOLVED, that, in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Secured Lenders (the "DIP Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and to be submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the Interim DIP Order and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty and collateral agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to each Authorizing Body, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by officers' execution and delivery thereof.

RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code, be and hereby is, authorized and empowered to incur the DIP Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP

Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations.

RESOLVED, that the Authorized Signatories of each Company be and they hereby are, authorized, directed, and empowered, and each of them acting alone hereby is authorized, directed, and empowered in the name of and on behalf of each Company, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of (a) the DIP Documents, (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agents under the DIP Documents (the "Agents"), and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents.

RESOLVED, that each of the Authorized Signatories of each Company be, and they hereby are, authorized, directed, and empowered in the name of and on behalf of each Company to file or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings, and recordation and any necessary assignments for security or other documents in the name of each Company that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the Interim DIP Order or any of the other DIP Documents.

RESOLVED, that each of the Authorized Signatories of each Company be, and they hereby are, authorized, directed, and empowered in the name of and on behalf of each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the Interim DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**Restructuring Support Agreement and the Chapter 11 Plan**

RESOLVED, that each Authorizing Body has determined in its business judgment that it is desirable and in the best interests of the Companies, their creditors, and other stakeholders to enter into the Restructuring Support Agreement and to commence solicitation of the Plan, as attached to the Disclosure Statement, pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that each Company's performance of its obligations under the

Restructuring Support Agreement and the solicitation of votes in favor of the Plan be and hereby is, in all respects, authorized and approved.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases, and that the Companies performance of their obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

RESOLVED, that each Authorizing Body has determined in its business judgment it is desirable and in the best interests of each of the Companies, their creditors, and other stakeholders that the Authorized Signatories file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan.

RESOLVED, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories, be and they hereby are, authorized, empowered, and directed, together with the Companies' advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan and Disclosure Statement.

RESOLVED, that the Authorized Signatories of each of the Companies, acting alone or with one or more other Authorized Signatories, be and they hereby are, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

## General

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that each Authorizing Body of each of the Companies has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waives any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Authorizing Body of the Companies.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered to take all actions or to not take any action in the name of the Companies with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

RESOLVED, that notwithstanding the provisions of any other resolution herein contained, that the Authorized Body of Ultra Petroleum Corp. has determined that it is in the best interests of Ultra Petroleum Corp. to pursue the Chapter 11 Case, the Plan and all ancillary matters, including obtaining recognition of the Chapter 11 Case and the Plan, under the CCAA.

RESOLVED, that, provided the Chapter 11 Case is made, Ultra Petroleum Corp., as the ultimate parent entity of each of the other Companies (including of Ultra Resources, Inc.) and as a guarantor of certain secured and unsecured indebtedness of Ultra Resources, Inc., is hereby authorized to make an application under the CCAA with a view to obtaining recognition from the Yukon Supreme Court of the Chapter 11 Case and the Plan and all orders and matters thereunder, as may be approved by that the Authorized Signatories, or any of them, for and on behalf of Ultra Petroleum Corp (the "CCAA Proceedings").

RESOLVED, that the Authorized Signatories of Ultra Petroleum Corp., or any of them, are hereby authorized to prepare or cause to be prepared, and approve for filing, and file or cause to be filed, for and on behalf of Ultra Petroleum Corp., any documents (including petitions, affidavits and orders, and any amendments or supplements to documents) that the Authorized Signatories, or any of them, in their discretion, determine should be filed with the Yukon Supreme Court pursuant to the CCAA proceedings.

RESOLVED, that the Authorized Signatories of Ultra Petroleum Corp., any of them, acting alone or with one or more other Authorized Signatories of Ultra Petroleum Corp., be and they hereby are, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court and, as applicable, the Yukon Supreme Court.

IN WITNESS WHEREOF, the undersigned have executed this Consent and resolutions as of the date above first written.

**ULTRA PETROLEUM CORP.**

Name:  Evan Lederman
Title:   Director

Name:  Brad Johnson
Title:   President, Chief Executive Officer and
         Director

Name:  Sylvia K. Barnes
Title:   Director

Name:  Neal P. Goldman
Title:   Director

Name:  Michael J. Keeffe
Title:   Director

Name:  Stephen J. McDaniel
Title:   Director

Name:  Alan J. Mintz
Title:   Director

Name:  Edward A. Scoggins, Jr.
Title:   Director

8

IN WITNESS WHEREOF, the undersigned have executed this Consent and resolutions as of the date above first written.

**ULTRA PETROLEUM CORP.**

_____
Name: Evan Lederman
Title:  Director

_____
Name: Brad Johnson
Title:  President, Chief Executive Officer and
        Director

_____
Name: Sylvia K. Barnes
Title:  Director

_____
Name: Neal P. Goldman
Title:  Director

_____
Name: Michael J. Keeffe
Title:  Director

_____
Name: Stephen J. McDaniel
Title:  Director

_____
Name: Alan J. Mintz
Title:  Director

_____
Name: Edward A. Scoggins, Jr.
Title:  Director

8

IN WITNESS WHEREOF, the undersigned have executed this Consent and resolutions as of the date above first written.

**ULTRA PETROLEUM CORP.**

_____

Name: Evan Lederman
Title:  Director

_____

Name: Brad Johnson
Title:  President, Chief Executive Officer and
        Director

_____

Name: Sylvia K. Barnes
Title:  Director

_____

Name: Neal P. Goldman
Title:  Director

_michael J. Keeffe_

Name: Michael J. Keeffe
Title:  Director

_____

Name: Stephen J. McDaniel
Title:  Director

_____

Name: Alan J. Mintz
Title:  Director

_____

Name: Edward A. Scoggins, Jr.
Title:  Director

8