IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON

ENTERED
07/22/2020

| | | |
|---|---|---|
| IN RE: § | | |
| **ULTRA PETROLEUM CORP.,** *et al* § | **CASE NO: 20-32631** | |
| § | | |
| § | | |
| **ULTRA RESOURCES, INC.** § | **CASE NO: 20-32632** | |
| § | | |
| **KEYSTONE GAS GATHERING LLC** § | **CASE NO: 20-32633** | |
| § | | |
| **UPL THREE RIVERS HOLDINGS, LLC** § | **CASE NO: 20-32634** | |
| § | | |
| **ULTRA WYOMING, LLC** § | **CASE NO: 20-32635** | |
| § | | |
| **UP ENERGY CORPORATION** § | **CASE NO: 20-32636** | |
| § | | |
| **UPL PINEDALE, LLC** § | **CASE NO: 20-32637** | |
| § | | |
| **ULTRA WYOMING LGS, LLC** § | **CASE NO: 20-32638** | |
| § | **Jointly Administered Order** | |
| Debtors § | | |
| § | **CHAPTER 11** | |

## ORDER DENYING MOTION FOR RELIEF FROM THE STAY

Rockies Express seeks to modify the automatic stay to allow it to prosecute a proceeding before the Federal Energy Regulatory Commission. The Court requested, and FERC has filed, clarifying information about FERC's ability to participate in this proceeding.

The Court recognizes that prior orders on this same issue are on appeal. However, Rockies Express filed an amended motion for relief from the stay at ECF No. 349. That amended motion was filed by Rockies Express on the same day as Rockies Express filed its notice of appeal of the prior motions. Because the amended motion was not the subject of the Notice of Appeal, and for the completeness of the record that might be considered by the District Court, this order is issued as to the amended motion filed by Rockies Express.

The relief sought by Rockies Express appears to run counter to the Fifth Circuit's holding in *In re Mirant Corp.*, 378 F.3d 511 (5th Cir. 2004). If the Rockies Express motion were granted, FERC would not be participating in this case as a party-in-interest, but would be adjudicating a key issue that the Fifth Circuit has determined is within this Court's exclusive jurisdiction. That relief, if granted, would be inconsistent with the Fifth Circuit's directives.

In FERC's response, it indicates that it can participate in this bankruptcy case as a party in interest. What FERC states that it cannot do is to "take a position about whether rejection affects the public interest without a vote by its Commissioners." On June 15, 2020, the Court requested

that FERC participate in and comment on the proceedings before this Court. FERC appears to have interpreted this Court's request as a request that FERC reach a public interest determination and then defend that determination before this Court.

To the extent that the prior order was ambiguous, the Court now clarifies the Order. FERC need not have a firm position decided by the Commissioners to honor this Court's request. If FERC is able to highlight issues for this Court, raise matters that should be considered by this Court, cross examine witnesses, and otherwise act as a party-in-interest, it would be of assistance to this Court. Of course, FERC may decide that such participation is unauthorized, inappropriate or otherwise not in its interest. FERC's participation is merely requested; it is not mandated.

There is no cause for lifting the automatic stay. To do so would authorize the conduct of proceedings that are either unauthorized by applicable law in this Circuit or would otherwise be a diversion of attention and money without any benefit.

Rockies' motion for relief from the stay is denied.

SIGNED 07/22/2020

_____
Marvin Isgur
United States Bankruptcy Judge