**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*,[1] | § | Case No. 20-32631 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**QUINN EMANUEL URQUHART & SULLIVAN, LLP'S FIRST AND**
**FINAL APPLICATION FOR PAYMENT OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**MAY 14, 2020, THROUGH SEPTEMBER 14, 2020**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE UNITED STATES BANKRUPTCY JUDGE MARVIN ISGUR:

COMES NOW, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and files

its First and Final Application for Payment of Compensation and Reimbursement of Expenses for

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number (if   any) are the following: Ultra Petroleum Corp. (3838); Keystone Gas Gathering, LLC (N/A); Ultra Resources, Inc. (0643); Ultra Wyoming, LLC (6117); Ultra Wyoming LGS, LLC (0378); UP Energy Corporation (4296); UPL Pinedale, LLC (7214); and UPL Three Rivers Holdings, LLC (7158). The Debtors' service address is 116 Inverness Drive East, Suite 400, Englewood, Colorado 80112.

the Period May 14, 2020, through September 14, 2020 (the "Application"), for allowance of compensation for professional services provided in the amount of $1,506,347.00 and reimbursement of actual and necessary expenses in the amount of $558,941.42 that Quinn Emanuel incurred for the period from May 14, 2020, through September 14, 2020 (the "Application Period"), as special counsel for Ultra Petroleum Corp.; Keystone Gas Gathering, LLC; Ultra Resources Inc.; Ultra Wyoming, LLC; Ultra Wyoming LGS, LLC; UP Energy Corporation; UPL Pinedale, LLC; and UPL Three Rivers Holdings, LLC (collectively, the "Debtors" or "Ultra") in the above-captioned case and respectfully represents as follows:

## I.   <u>JURISDICTION</u>

1.      Quinn Emanuel submits this Application pursuant to sections 330 and 331 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), rule 2016 of the Bankruptcy Local Rules (the "Local Rules") and in recognition of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "US Trustee Guidelines").

2.      Pursuant to 28 U.S.C. § 1334, jurisdiction lies in this Court.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue properly lies in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.   <u>RELIEF REQUESTED</u>

3.      Quinn Emanuel requests that the Court enter an order allowing Quinn Emanuel's compensation for professional services rendered during the Application Period in the amount of $1,506,347.00 and reimbursement of actual and necessary expenses incurred by Quinn Emanuel in the amount of $558,941.42.

### III.   <u>BACKGROUND</u>

4.      On May 5, 2020, the Debtors engaged Quinn Emanuel as special counsel with respect to the Rockies Express Pipeline matters (the "REX Matters"), including the prospective rejection of Ultra Resources, Inc.'s ("UR") contract for transportation of natural gas (the "REX Agreement") with Rockies Express Pipeline LLC ("REX").

5.      On May 14, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. On May 15, 2020, the Court entered an order authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) (ECF No. 36). No entity has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

6.      A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, and the initial relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the Declaration of Brad Johnson in Support of Chapter 11 Petitions and First Day Motions (filed at ECF No. 14) and incorporated herein by reference.

7.      Along with other first-day pleadings, the Debtors filed (1) the Motion of Ultra Resources, Inc. for Entry of an Order Authorizing Rejection of the Negotiated Rate Firm Transportation Agreement with Rockies Express Pipeline LLC Effective as of the Petition Date (the "Rejection Motion") (ECF No. 7), (2) the Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of Ultra Petroleum and its Debtor Affiliates (the "Disclosure Statement") (ECF No. 18), and (3) the Joint Chapter 11 Plan of Reorganization of Ultra Petroleum and its Debtor Affiliates (the "Plan") (ECF No. 20).

8.      On May 26, 2020, UR filed a Complaint for Declaratory Judgment, *Ex Parte* Temporary Restraining Order, and Preliminary and Permanent Injunction (the "Adversary Proceeding Complaint") (ECF No. 163) against the Federal Energy Regulatory Commission (the "FERC"), seeking a declaratory judgment confirming the bankruptcy court's exclusive jurisdiction to determine UR's right to reject the REX Agreement and to enjoin FERC from issuing any order that might interfere with the bankruptcy court's exclusive jurisdiction to decide the Rejection Motion.

9.      On June 4, 2020, the Debtors filed the Application for Entry of an Order Authorizing the Employment and Retention of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel (the "Retention Application") (ECF No. 192) and on June 29, 2020, this Court approved the Retention Application (the "Retention Order") (ECF No. 354).

10.     After a several-day evidentiary hearing (the "Rejection Hearing"), on August 21, 2020, the Court entered its Memorandum Opinion (ECF No. 721) and the Order Approving Rejection of REX Agreements (the "Order Approving Rejection") (ECF No. 722).

11.     On August 26, 2020, REX filed a Notice of Appeal, appealing the Court's Order Approving Rejection (ECF No. 746) and on August 31, 2020, the FERC filed its Notice of Appeal and Statement of Election (ECF No. 764).

12.     The Court entered its Order Approving the Debtors' Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Ultra Petroleum and its Debtor Affiliates (the "Confirmation Order") (ECF No. 736) on August 22, 2020.

## IV.     TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION

13.     The Retention Applications outlines the terms and conditions of Quinn Emanuel's employment by the Debtors and the compensation to be paid to Quinn Emanuel by the Debtors.

*See* ECF No. 192.  As set forth in the Retention Application, the Debtors' estates are to pay Quinn

Emanuel's customary fees and expenses incurred in connection with this representation.

## V.   PROFESSIONAL SERVICES PROVIDED BY QUINN EMANUEL

14.   Quinn Emanuel represented the Debtors in the REX Matters, including the

Rejection Motion.  The following is a summary, by matter, of the significant professional services

Quinn Emanuel rendered during the Application Period.

a.   Case Administration:  Fees: $24,923.00; Hours: 97.6. The tasks in this category

include drafting notices, setting up the database of documents for review, reviewing documents,

and obtaining transcripts of hearings.

| PROFESSIONAL | HOURS BILLED | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Patricia B. Tomasco | 1.1 | $1,200.00 | $1,320.00 |
| Katherine A. Scherling | .3 | $1,015.00 | $304.50 |
| Ari Roytenberg | .6 | $825.00 | $495.00 |
| Alice H. Lee | 5.9 | $425.00 | $2,507.50 |
| Lena Valentin | 20.5 | $380.00 | $7,790.00 |
| Barbara J. Howell | 2.2 | $355.00 | $781.00 |
| Joe Liao | 67.0 | $175.00 | $11,725.00 |
| Total | 97.6 | | $24,923.00 |

b.   Retention/Fee Matters:  Fees: $18,523.00; Hours: 44.1. This tasks in this category

include drafting the retention pleadings on behalf of Quinn Emanuel, drafting, filing, and serving

the monthly fee statements, and drafting the Application.

| PROFESSIONAL | HOURS BILLED | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Patricia B. Tomasco | 2.3 | $1,200.00 | $2,760.00 |
| Katherine A. Scherling | 1.4 | $1,015.00 | $1,421.00 |
| Barbara J. Howell | 40.4 | $355.00 | $14,342.00 |
| Total | 44.1 | | $18,523.00 |

c.   Assumption and Rejection of Leases:  Fees: $1,454,302.00; Hours: 1,454.6.  The

tasks in this category include, among other things (i) researching and drafting the Motion to Reject

and multiple related briefs, (ii) researching and drafting the Adversary Proceeding Complaint, (iii)

working with the Debtors' expert, Dr. Jeff Makholm, in connection with the preparation of his expert report and his deposition and trial testimony, (iv) preparing and responding to discovery requests, including reviewing documents for privilege, (v) preparing for, attending, and taking multiple depositions, and (vi) preparing for, attending, and participating in numerous hearings, including the Rejection Hearing.

| PROFESSIONAL | HOURS BILLED | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Benjamin Finestone | 318.9 | $1,200.00 | $382,680.00 |
| K. John Shaffer | 11.5 | $1,595.00 | $18,342.50 |
| Deborah Newman | 279.0 | $1,200.00 | $334,800.00 |
| William Adams | 1.2 | $1,200.00 | $1,440.00 |
| Matthew R. Scheck | 15.2 | $1,100.00 | $16,720.00 |
| Katherine A. Scherling | 374.1 | $1,015.00 | $379,711.50 |
| Ari Roytenberg | 325.4 | $825.00 | $268,510.00 |
| Razmig Izakelian | 5.2 | $950.00 | $4,940.00 |
| Eva Korol | 49.6 | $380.00 | $18,848.00 |
| Lena Valentin | 3.5 | $380.00 | $1,330.00 |
| Olubayo Evans | 37.0 | $380.00 | $14,060.00 |
| Sharon Agami | 34.0 | $380.00 | $12,920.00 |
| Total | 1,454.6 | | $1,454,302.00 |

d.      Claims Administration:  Fees: $360.00; Hours: .3. The tasks in this category include reviewing the United States Trustee's changes and coordinating the filing of the documents.

| PROFESSIONAL | HOURS BILLED | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| Patricia B. Tomasco | .3 | $1,200.00 | $360.00 |
| Total | .3 | | $360.00 |

e.      District Court Appeal:  Fees: $8,239.00; Hours: 11.6.  The tasks in this category include reviewing the appeals filed by REX and the FERC, preparing and filing *pro hac vice* motions, and calendaring deadlines for the appeals.

| PROFESSIONAL | HOURS BILLED | HOURLY RATE | TOTAL FEES |
|---|---|---|---|
| K. John Shaffer | .4 | $1,595.00 | $638.00 |
| William Adams | 1.0 | $1,200.00 | $1,200.00 |
| Benjamin Finestone | 1.9 | $1,200.00 | $2,280.00 |
| Patricia B. Tomasco | .5 | $1,200.00 | $600.00 |
| Ari Roytenberg | 1.6 | $825.00 | $1,320.00 |
| Barbara Howell | 6.2 | $355.00 | $2,201.00 |
| Total | 11.6 | | $8,239.00 |

## VI.   COMPENSATION REQUESTED

15.    In this Application, Quinn Emanuel seeks approval of $1,506,347.00 in fees and $558,941.42 in expenses from May 14, 2020, through September 14, 2020.  Pursuant to the US Trustee Guidelines, Exhibit A is the chart reflecting customary and comparable compensation disclosures with fee applications, Exhibit B is a chart summarizing the timekeepers included in this Application, Exhibit C is the budget, and Exhibit D is a chart with a summary of compensation requested by project category.   The blended rate for Quinn Emanuel timekeepers in this Application is $936.67.

16.    Pursuant to the Order (A) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (B) Granting Related Relief (the "Interim Compensation Order") (ECF No. 317), Quinn Emanuel filed and served 4 monthly fee statements.

| FEE STATEMENT | REQUESTED | PAID | DATE PAID |
|---|---|---|---|
| First Monthly Fee Statement for the Period May 15, 2020, through May 31, 2020 (ECF No. 383) | Fees: $229,665.20 (80% of $287,081.50); Expenses: $33.70 | $22,665.20 and $33.70 | August 27, 2020 |
| Second Monthly Fee Statement for the Period June 1, 2020, through June 30, 2020 (ECF No. 535) | Fees: $384,142.80 (80% of $480,178.50); Expenses: $26,024.60 | $384,142.80 and $26,024.60 | August 26, 2020 |
| Third Monthly Fee Statement for the Period July 1, 2020, through July 31, 2020 (ECF No. 751) | Fees: $455,966.80 (80% of $569,958.50); Expenses: $334,644.05 | $455,966.80 and $334,644.05 | September 25, 2020 |
| Fourth Monthly Fee Statement for the Period August 1, 2020, through August 31, 2020 (ECF No. 813) | Fees: $131,692.80 (80% of $164,616.00); Expenses: $174,658.75 | Pending | |

Quinn Emanuel did not submit a monthly fee statement for fees and expenses incurred from September 1, 2020, through September 14, 2020, but includes these fees and expenses in this Application.  The invoice for the period September 1, 2020, through September 14, 2020, is attached hereto as Exhibit 1.

17.     This Application readily meets the standards of section 331 and applicable case law for compensation for services rendered on behalf of the Debtor's estates and for the administration of these cases.  The Fifth Circuit outlined the contours of the requirements for allowance of compensation under section 330 in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd*., (*In re Woerner*), 783 F.3d 266 (5th Cir. 2015).  In *Woerner*, the Fifth Circuit held that a court would allow compensation to an attorney for services that are "reasonably likely to benefit" the estate and that a court should adjudge the reasonableness of requested compensation" at the time at which the services were rendered." *Id*. at 273-74.   The compensation requested in the Application meets the requirements of section 331 as delineated by the Fifth Circuit and should be approved.

18.     Quinn Emanuel provided necessary and beneficial services to the Debtor in myriad ways. The time Quinn Emanuel spent on services rendered and the rates charged for such services were reasonable and necessary to fully protect the Debtors' estates consistent with Quinn Emanuel's role as special counsel and to maximize the dividend in line with the Johnson[2] factors adopted by the Fifth Circuit in *In re First Colonial Corp*., 544 F.2d 1291, 1299 (5th Cir. 1977), as follows:

### (a)     The Time and Labor Required

19.     As further illustrated by the fee breakdown in the Summary Cover Sheet, the amount of time spent by Quinn Emanuel professionals and paraprofessionals on this case for the Application Period is 1,608.2 hours.

### (b)     The Novelty and Difficulty of the Questions Presented by the Case

20.     This case has presented difficult questions of fact and law relevant to both bankruptcy and applicable non-bankruptcy law. Specifically, the REX Matters involved novel issues at the intersection of the Bankruptcy Code and energy regulatory law.

### (c)     The Skill Requisite to Perform the Legal Services Properly

21.     Quinn Emanuel attorneys possess the skill required to properly perform the legal service involved, in particular bankruptcy law expertise, as well as practice experience before this Court and knowledge of its Local Rules.

### (d)     The Preclusion of Other Employment by the Attorneys due to Acceptance of this Case

22.     Attorneys at Quinn Emanuel were not necessarily precluded from employment on other cases by the size and exigency of this case.

---

[2]     *See Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974).

(e)     **The Customary Fee for Similar Work in the Community**

23.     The fees charged by Quinn Emanuel compare favorably with the fees charged by other counsel in similar cases in this jurisdiction.  Quinn Emanuel sets its fees consistent with available market data for similarly sized and situated firms given the years of experience of each attorney.  In addition, Quinn Emanuel employs associates and a paralegal on this case in lieu of a single attorney, resulting in a blended rate of $936.67 per hour.  Quinn Emanuel's blended rate compares favorably with hourly rates charged by practitioners in cases of this size.

(f)     **Whether the Fees are Fixed or Contingent**

24.     Quinn Emanuel attorneys in this case do not charge either fixed or contingent fees.

(g)     **Time Pressures Imposed by the Client or Circumstances**

25.     The circumstances of the bankruptcy case imposed time pressures since these were prepackaged chapter 11 cases, and the REX Matter had to be resolved prior to confirmation on an expedited hearing and briefing schedule.

(h)     **The Amount Involved and Results Obtained as a Result of the Attorney Services**

26.     As a result of Quinn Emanuel's services, strategy, and efficiency as special counsel to UR, the Court ruled that UR could reject the REX Agreement.  Absent rejection, UR would have been required to pay $169-178 million over the course of the next 5 ½ years for capacity it never needed and will never need, to the detriment of the Debtors' going concern and creditor recoveries.  Rejection of the REX Agreement clearly was in the estates' best interest.

(i)     **The Experience, Reputation, and Ability of the Attorneys**

27.     The Quinn Emanuel attorneys involved in the work on behalf of the Debtors represents decades of experience, including representation of chapter 11 debtors and committees. The Quinn Emanuel attorneys bring extensive experience in bankruptcy law to these bankruptcy

cases and have substantial experience practicing in this Court and extensive familiarity with applicable Fifth Circuit bankruptcy law necessary to the represent the Debtors.

> **(j)**      **The Undesirability of the Cases**

28.      Every bankruptcy case carries some risks due to the uncertainty of payment stemming from the relatively unknown value of the debtor's principal assets and the debtor's ability to pay administrative fees and costs.   These cases presented no additional undesirable elements.

> **(k)**      **The Nature and Length of the Professional Relationship with the Client**

29.      As stated in the Retention Application, the Debtors engaged Quinn Emanuel as special counsel with respect to the REX Matters on May 5, 2020.  Quinn Emanuel did not have a prior client relationship with the Debtors.

> **(l)**      **Awards in Similar Cases**

30.      The fees herein requested are in line with fee awards approved in similar cases by counsel with similar sophistication and experience.

31.      In sum, the services provided by Quinn Emanuel have been necessary to the administration of the Debtors and beneficial at the time at which the services were rendered. Further, Quinn Emanuel performed the services within an expedited schedule, devoted an amount of time commensurate with the complexity, importance, nature of the problems, issues, and tasks addressed on behalf of the Debtors.  Finally, the compensation sought is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under title 11 of the district.  Quinn Emanuel requests that the Court determine the nature, extent, and value of these services were appropriate under the circumstances at the time the services were rendered.

## VII.   STATEMENT PURSUANT TO THE US TRUSTEE GUIDELINES

Pursuant to the US Trustee Guidelines, Quinn Emanuel states as follows:

Did you agree to any variations from, or alternatives to, your standard or customary billing rates fees, or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response: No.

If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reasons for the variation with the Client?

Response: A budget was not prepared in this case.

Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:  No.

Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

Response:  No.

Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.
Response:  No.

If the fee application includes any rate increase since retention:

a.      Did your client review and approve those rate increases in advance?

b.      Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not to agree to modify rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458.

Response:  This Application does not include any rate increases.

WHEREFORE, PREMISES CONSIDERED, Quinn Emanuel Urquhart & Sullivan, LLP requests that this Court enter an order granting this first and final allowance of compensation for

professional services rendered during the Application Period in the amount of $1,506,347.00 and reimbursement of actual and necessary expenses incurred by Quinn Emanuel Urquhart & Sullivan, LLP during the Application Period in the amount of $558,941.42, authorizing and directing the Debtors to pay the fees and expenses as requested, and grant such other and further relief as is just and proper.

Respectfully submitted this 29th day of October, 2020.

**QUINN EMANUEL URQUHART & SULLIVAN,  LLP**

By: /s/  Patricia B. Tomasco
Patricia B. Tomasco (SBN 01797600)
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-220-7000
Facsimile: 713-220-7100
Email: pattytomasco@quinnemanuel.com

-and-

Susheel Kirpalani (admitted *pro hac vice*)
Benjamin I. Finestone (admitted *pro hac vice*)
Kate Scherling (admitted *pro hac vice*)
61 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: susheelkirpalani@quinnemanuel.com
        benjaminfinestone@quinnemanuel.com
        katescherling@quinnemanuel.com

**SPECIAL COUNSEL TO THE DEBTORS**

**EXHIBIT A**
**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

| CATEGORY OF TIMEKEEPER (using categories already maintained by the firm) | BLENDED HOURLY RATE | |
|---|---|---|
| | BILLED OR COLLECTED Firm or offices for preceding year excluding bankruptcy | BILLED In this fee application |
| Partner | $1,021.20 | $1,249.17 |
| Of Counsel | $861.51 | $1,015.00 |
| Associate | $698.10 | $887.50 |
| Paraprofessional | $277.32 | $335.00 |
| All Timekeepers Aggregate | $779.76 | $750.59 |
| Attorneys Only | $829.16 | $843.21 |

Case Name:  Ultra Petroleum Corp., *et al.*
Case Number:  20-32631
Applicant's Name:  Quinn Emanuel Urquhart & Sullivan,
LLP Date of Application: October 29, 2020
Interim or Final: Final

**EXHIBIT B**
**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION | FEES BILLED IN THIS APPLICATION | HOURS BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN FIRST INTERIM APPLICATION | NUMBER OF RATE INCREASES SINCE CASE INCEPTION |
|---|---|---|---|---|---|---|---|---|
| Benjamin Finestone | Partner | Bankruptcy | 05/03/2005 | $384,960.00 | 320.8 | $1,200.00 | N/A | N/A |
| K. John Shaffer | Partner | Bankruptcy | 06/27/1991 | $18,980.50 | 11.9 | $1,595.00 | N/A | N/A |
| William Adams | Partner | Appellate | 01/04/2006 | $2,640.00 | 2.2 | $1,200.00 | N/A | N/A |
| Matthew R. Scheck | Partner | Bankruptcy | 12/01/2010 | $16,720.00 | 15.2 | $1,100.00 | N/A | N/A |
| Deborah Newman | Partner | Bankruptcy | 10/9/2003 | $334,800.00 | 279.0 | $1,200.00 | N/A | N/A |
| Patty Tomasco | Partner | Bankruptcy | 11/10/1988 | $5,040.00 | 4.2 | $1,200.00 | N/A | N/A |
| Katherine A. Scherling | Of Counsel | Bankruptcy | 04/12/2010 | $381,437.00 | 375.8 | $1,015.00 | N/A | N/A |
| Razmig Izakelian | Associate | Bankruptcy | 12/04/2013 | $4,940.00 | 5.2 | $950.00 | N/A | |
| Ari Roytenberg | Associate | Bankruptcy | 09/21/2020 | $270,325.00 | 327.6 | $825.00 | N/A | |
| Lena Valentin | Attorney | Contract Attorney | 10/28/2013 | $9,120.00 | 24.0 | $380.00 | N/A | |
| Eva Korol | Attorney | Contract Attorney | 01/11/2012 | $18,848.00 | 49.6 | $380.00 | N/A | |
| Sharon Agami | Attorney | Contract Attorney | 09/21/2010 | $12,920.00 | 34.0 | $380.00 | N/A | |
| Olubayo Evans | Attorney | Contract Attorney | 07/19/2007 | $14,060.00 | 37.0 | $380.00 | N/A | |
| Alice H. Lee | Law Clerk | N/A | | $2,507.50 | 5.9 | $425.00 | N/A | |
| Barbara J. Howell | Paralegal | Bankruptcy | | $17,324.00 | 48.8 | $355.00 | N/A | N/A |
| Joe Liao | Litigation Support | N/A | | $11,725.00 | 67.0 | $175.00 | N/A | N/A |

Case Name:  Ultra Petroleum Corp., *et al.*
Case Number:  20-32631
Applicant's Name:  Quinn Emanuel Urquhart & Sullivan,
LLP Date of Application: October 29, 2020
Interim or Final: Final

**EXHIBIT C-1**
**BUDGET**

If the parties consent or the court so directs, a budget approved by the client in advance should generally be attached to each interim and final fee application filed by the applicant.  If the fees sought in the fee application vary by more than 10% from the budget, the fee application should explain the variance.  No budget was submitted.

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Case Administration | | |
| Special Committee Corporate & Governance Matters | | |
| Claims Administration | | |
| Sale and Lease Matters | | |
| Financing (DIP and Emergence) | | |
| Disclosure Statement/Plan/Confirmation | | |
| Retention/Fee Matters | | |
| Non-Working Travel | | |
| Assumption & Rejection of Leases | | |
| District Court Appeal | | |
| Total | | |

Case Name:  Ultra Petroleum Corp., *et al.*
Case Number:  20-32631
Applicant's Name:  Quinn Emanuel Urquhart & Sullivan,
LLP Date of Application: October 29, 2020
Interim or Final: Final

**EXHIBIT D-1**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Case Administration | | | 97.6 | $24,923.00 |
| Claims Administration | | | .3 | $360.00 |
| Retention/Fee Matters | | | 44.1 | $18,523.00 |
| Assumption & Rejection of Leases | | | 1,454.6 | $1,454,302.00 |
| District Court Appeal | | | 11.6 | $8,239.00 |
| Total | | | 1,608.2 | $1,506,347.00 |

Case Name:  Ultra Petroleum Corp., *et al.*
Case Number:  20-32631
Applicant's Name:  Quinn Emanuel Urquhart & Sullivan,
LLP Date of Application: October 29, 2020
Interim or Final: Final

Exhibit 1

**quinn emanuel** trial lawyers

865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY |
CHICAGO | DC | LONDON | MANNHEIM | TOKYO | HAMBURG |
PARIS | MUNICH | SYDNEY | HONG KONG | HOUSTON | BOSTON |
BRUSSELS | SEATTLE | ZURICH | SHANGHAI | STUTTGART | PERTH |
SALT LAKE CITY |

October 07, 2020

Kason D. Kerr
General Counsel
Ultra Petroleum Corp.
116 Inverness Drive East, Suite 400
Englewood, CO 80112

Matter #: 09971-00001
Invoice Number: 101-0000107931
Responsible Attorney: Benjamin Finestone

<u>Special Counsel to UPL</u>

For Professional Services through September 14, 2020 in connection with serving as special counsel to Ultra Petroleum Corp. in connection with advising UPL with respect to UPL's firm transportation agreement with Tallgrass Energy Partners/Rockies Express Pipeline, including in connection with any chapter 11 bankruptcy proceedings and related matters concerning FERC.

| | |
|---|---:|
| Fees | $4,512.50 |
| Expenses | $23,580.32 |
| Net Amount | $28,092.82 |
| Total Due This Invoice | $28,092.82 |
| Balance Due from Previous Statement(s) | $606,718.45 |
| Total Balance Due | $634,811.27 |

**Confidential – May include attorney-client privileged and work-product information**

los angeles | new york | san francisco | silicon valley | chicago | dc | london | mannheim | tokyo | hamburg | paris | munich | sydney | hong kong | houston | brussels | seattle | zurich | shanghai | stuttgart | perth | boston | salt lake city

# quinn emanuel trial lawyers

October 07, 2020          Matter #: 09971-00001
Page 2          Invoice Number: 101-0000107931

## Statement Detail

**UP01   Case Administration**

| | | | | |
|---|---|---|---|---|
| 09/14/20 | BH2 | Review ECF filings and calendar hearing dates and deadlines. | 0.40 | 142.00 |
| | | SUBTOTAL | 0.40 | 142.00 |

**UP07   Retention / Fee Matters**

| | | | | |
|---|---|---|---|---|
| 09/01/20 | BH2 | Draft First Interim Fee Application (6.1); proposed Order (.6); and Notice (.6). | 7.30 | 2,591.50 |
| 09/04/20 | BH2 | Review emails from J. Delhey and M. Brown (FTI Consulting) regarding Quinn Emanuel's pre-petition fees (.2) and email K. Busch to obtain information as requested by J. Delhey and M. Brown (.1); forward information for their review (.2). | 0.50 | 177.50 |
| 09/08/20 | BH2 | Begin to prepare August Monthly Fee Statement. | 1.60 | 568.00 |
| 09/09/20 | BH2 | Review email from J. Delhey (FTI) and respond with August information. | 0.20 | 71.00 |
| | | SUBTOTAL | 9.60 | 3,408.00 |

**UP09   Assumption & Rejection of Leases**

| | | | | |
|---|---|---|---|---|
| 09/11/20 | AR0 | Call with co-counsel and B. Finestone regarding appeal (.5); review appeal materials (.6). | 1.10 | 962.50 |
| | | SUBTOTAL | 1.10 | 962.50 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Ari Roytenberg | AR0 | Associate | 1.10 | 875.00 | 962.50 |

| Case Assistants | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|

los angeles | new york | san francisco | silicon valley | chicago | dc | london | mannheim | tokyo | hamburg | paris | munich
sydney | hong kong | houston | brussels | seattle | zurich | shanghai | stuttgart | perth | boston | salt lake city

# quinn emanuel trial lawyers

October 07, 2020                                                                 Matter #: 09971-00001
Page 3                                                          Invoice Number: 101-0000107931

| Barbara J Howell | BH2 | Paralegal | 10.00 | 355.00 | 3,550.00 |
|---|---|---|---|---|---|

## Expense Summary

| Description | | Amount |
|---|---|---|
| Document Reproduction | 0.10 | 5.00 |
| Professional services - Other | | 23,575.32 |
| | Total Expenses | $23,580.32 |

# quinn emanuel trial lawyers
### quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY |
CHICAGO | DC | LONDON | MANNHEIM | TOKYO | HAMBURG |
PARIS | MUNICH | SYDNEY | HONG KONG | HOUSTON | BOSTON |
BRUSSELS | SEATTLE | ZURICH | SHANGHAI | STUTTGART | PERTH |
SALT LAKE CITY |

## Current Invoice Summary

Matter Name : Special Counsel to UPL

Matter #: 09971-00001                  Total Fees..............................................$4,512.50
Bill Date: October 07, 2020            Expenses...........................................$23,580.32
Invoice Number: 101-                   Total Due this Invoice...............................$28,092.82
0000107931                             **Payment Due By November 08, 2020**

### Account Summary

Balance Due from Previous Statement(s)...........................................**$606,718.45**
Total Balance Due...................................................**$634,811.27**

### Current Account Summary

| Date | Invoice No. | Month of Service | Amount Billed | Payments Applied | Outstanding Amount |
|------|-------------|------------------|---------------|------------------|--------------------|
| 06/08/20 | 101-0000103165 | May 2020 | $287,115.20 | $229,698.90 | $57,416.30 |
| 07/21/20 | 101-0000105414 | June 2020 | $506,203.10 | $410,167.40 | $96,035.70 |
| 08/19/20 | 101-0000106427 | July 2020 | $904,602.55 | $790,610.85 | $113,991.70 |
| 09/17/20 | 101-0000107492 | August 2020 | $339,274.75 | $0.00 | $339,274.75 |
| 10/07/20 | 101-0000107931 | September 2020 | $28,092.82 | $0.00 | $28,092.82 |

**Please reference invoice number and send check to:**

**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Or Wire funds                City National Bank
to:                          555 South Flower St., 12th Floor
                             Los Angeles, CA  90071
Account Info:                Quinn Emanuel Urquhart & Sullivan, LLP
Bank Account:                Deposit Account #210032347
Bank ABA No.:                1220-16066
Swift Code:                  CINAUS6L
*References:*                *Invoice number and client name / matter number please*

los angeles | new york | san francisco | silicon valley | chicago | dc | london | mannheim | tokyo | hamburg | paris | munich
sydney | hong kong | houston | brussels | seattle | zurich | shanghai | stuttgart | perth | boston | salt lake city



**quinn emanuel** trial lawyers
quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | DC | LONDON | MANNHEIM | TOKYO | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | HOUSTON | BOSTON | BRUSSELS | SEATTLE | ZURICH | SHANGHAI |STUTTGART | PERTH | SALT LAKE CITY |

Tax ID#  95-4004138

los angeles | new york | san francisco | silicon valley | chicago | dc | london | mannheim | tokyo| hamburg | paris | munich
sydney | hong kong | houston | brussels | seattle | zurich | shanghai | stuttgart | perth | boston | salt lake city